**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| DEVIN GREEN,<br><br>                            *Plaintiff*,<br><br>-v-<br><br>CHRISTOPHER SHAWN PENDELL<br>EAGLE TRANSPORT CORPORATION,<br><br>                          *Defendants*. | Civil Case No.: 2:25-cv-07750-RMG<br><br>**COMPLAINT** |

Plaintiff Devin Green, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Devin Green ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff has been a citizen of the State of South Carolina and is a resident of Hampton County, South Carolina.

2. Defendant Christopher Shawn Pendell ("Defendant Pendell") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Pendell is a citizen of the State of Georgia and a resident of Augusta, Richmond County, Georgia.

3. Upon information and belief, Defendant Eagle Transport Corporation ("Defendant Eagle Transport") is domestic corporation incorporated in North Carolina and with its principal place of business located at 300 S Wesleyan Blvd., Ste 202, Rocky Mount, NC 27804.

4. On the day of the Crash, Defendant Eagle Transport was operating an Interstate motor carrier registered under DOT Number 90792.

5. Defendants Pendell and Eagle Transport were operating a vehicle with a combined gross vehicle weight rating greater than 26,001 pounds in interstate commerce.

6. Defendants' operations were subject to regulation by the Federal Motor Carrier Safety Administration.

7. At all times relevant to this action, Defendant Pendell was an agent, servant, and/or employee of Defendant Eagle Transport, individually or jointly.

8. At all times relevant to this Complaint, Defendant Eagle Transport's agents, servants, and/or employees acted in the course and scope of their employment with Defendant Eagle Transport.

9. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Colleton County, as further shown below.

10. This Court has personal jurisdiction over the Defendants because Defendant Eagle Transport was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Pendell, and this cause of action relates to and arises out of Defendant Pendell and Defendant Eagle Transport's contacts with South Carolina, as further shown below.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendants are citizens and residents of Georgia and North Carolina such that there is complete diversity between every plaintiff and every defendant, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## FACTUAL ALLEGATIONS

12. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

13. On or about March 25, 2025, Defendant Pendell was driving a commercial vehicle (VIN 1FUJHLDV6RLUS0533) east on Beachwood Rd. in Walterboro, Colleton County, South Carolina.

14. As Defendant Pendell approached the intersection of Beachwood Rd. and Greenpond Hwy, Defendant did not stop at the stop sign and cut off oncoming traffic on Greenpond Hwy, causing Plaintiff to run into the side of Defendant Pendell's commercial vehicle.

15. Plaintiff was driving in a safe manner at all times relevant to the Crash.

16. Due to the Crash, Plaintiff suffered serious injuries and is undergoing medical treatment.

## COUNT I
(Negligence *per se* as to Defendant Pendell)

17. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

18. Defendant Pendell owed Plaintiff statutory duties to operate his vehicle reasonably and safely to not cause injury to Plaintiff.

19. Defendant Pendell's statutory duties included, but were not limited to, a duty to stop at stop signs as described in SC Code § 56-5-2330 and a duty to comply with the Federal Motor Carrier Safety Regulations.

20. Defendant Pendell failed to exercise due care to avoid crashing into Plaintiff.

21. Defendant Pendell breached his duties to Plaintiff by failing to stop at a stop sign and causing the collision with Plaintiff.

22. Defendant Pendell's violation of his statutory duties constitutes negligence *per se*.

23. Defendant Pendell's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

24. Defendant Pendell's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiff was injured as a direct result of Defendant Pendell's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant Pendell's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Pendell for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Pendell violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(Negligence as to Defendant Pendell)

27. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

28. Defendant Pendell owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout;
    b. Maintain appropriate attention on the road while driving;
    c. Maintain his vehicle in a roadworthy manner;
    d. Yield the right of way to Plaintiff;
    e. Apply his brakes to timely stop his vehicle;
    f. Operate his vehicle in a safe manner and at a safe speed; and
    g. Drive reasonably carefully with respect for the rights and safety of others such as Plaintiff.

29. Defendant Pendell breached his duty to Plaintiff in the following ways:

    a. Failing to keep a proper lookout;
    b. Driving while distracted;
    c. Failing to slow when traffic ahead of him was slowing and stopping;
    d. Failing to apply his brakes and stop in a timely manner;
    e. Crashing into Plaintiff instead of steering around or away from her;
    f. Failing to yield the right of way to Plaintiff;
    g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
    h. Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

30. Defendant Pendell's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

31. Defendant Pendell's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Pendell's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Significant past and future medical expenses,
    b. Lost income and reduced earning capacity,
    c. Personal property damage,
    d. Emotional distress and anxiety,
    e. Mental anguish,
    f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g. Other damages as will be shown in the discovery and trial of this case.

32. Because Plaintiff was injured as a direct result of Defendant Pendell's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

33. Defendant Pendell's acts and omissions demonstrate such want of care as to show Defendant Pendell was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Eagle Transport and Defendant Pendell should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Pendell for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Pendell violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## **COUNT III**
(Vicarious Liability as to Defendant Eagle Transport)

31. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Pendell acted in the scope of his employment on behalf of Defendant Eagle Transport.

33. Defendant Eagle Transport, thus acting through its agent, servant, and employee Defendant Pendell, is vicariously liable for Defendant Pendell's negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Eagle Transport to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Eagle Transport)

35.  Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36.  Defendant Eagle Transport was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Pendell to operate a vehicle on Defendant Eagle Transport' behalf in one or more of the following ways:

   a. Failing to review Defendant Pendell's driving history;
   b. Failing to assess Defendant Pendell's driving skill;
   c. Hiring Defendant Pendell to drive on Defendant Eagle Transport' behalf despite Defendant Pendell's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Pendell, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Pendell had proper training and experience to operate a vehicle for Defendant Eagle Transport safely and effectively; and
   f. Otherwise failing to investigate Defendant Pendell's skill and history with a commercial motor vehicle, train Defendant Pendell in proper driving procedures, supervise Defendant Pendell's driving, failing to release Defendant Pendell from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.  Based on Defendant Pendell's unsafe driving history, Defendant Eagle Transport knew or should have known that hiring, training, supervising, or retaining Defendant Pendell posed a risk of foreseeable harm to third parties.

38.  Plaintiff asks this Court to enter judgment ordering Defendant Eagle Transport to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

WHEREFORE, Plaintiff asks this Court to award him actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

        **MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

July 17, 2025
Charleston, South Carolina