IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Devin Green, <br><br> Plaintiff, <br><br> v. <br><br> Christopher Shawn Pendell and Eagle Transportation Corporation, <br><br> Defendants. | C.A. No.: 2:25-cv-07750-RMG <br><br><br> **DEFENDANTS' ANSWER TO THE COMPLAINT** <br> **(Jury Trial Demanded)** |

Defendants Christopher Shawn Pendell and Eagle Transportation Corporation ("Defendants"), by and through undersigned counsel, respond to Plaintiff Devin Green's Complaint as follows:

**FOR A FIRST DEFENSE**
**(Answer to the Complaint)**

1. All allegations in the Complaint not specifically admitted are denied.

2. These Defendants lack knowledge upon which to base a belief to the truth of the matters asserted in Paragraph 1, and therefore would deny the same.

3. Defendants admit that Defendant Pendell is a citizen and resident of Georgia and that he was driving a commercial vehicle at the time of the accident. It is further admitted that Defendant Pendell failed to stop for the stop sign, failed to yield the right of way and that his simple negligence was the proximate cause of the accident. The remainder of Paragraph 2 is denied.

4. The allegations in Paragraph 3 are admitted.

5. The allegations in Paragraph 4 are admitted.

6. The allegations in Paragraph 5 are admitted.

1

7. The allegations in Paragraph 6 are admitted insomuch as some of the FMCSRs apply to Eagle. The remainder of Paragraph 6 is denied.

8. The allegations of Paragraph 7 are admitted insomuch as Defendant Pendell was acting within the scope of his employment with Eagle Transportation at the time of the subject accident. The remainder of Paragraph 7 is denied.

9. The allegations of Paragraph 8 are admitted only to the extent that it refers to Defendant Pendell's actions pertaining to the subject accident. The remainder of Paragraph 8 is denied.

10. The allegations in Paragraph 9 are admitted insomuch as venue in this Court is proper. The remainder of Paragraph 9 is denied.

11. The allegations in Paragraph 10 are admitted insomuch as jurisdiction in this Court is proper. The remainder of Paragraph 10 is denied.

12. The allegations in Paragraph 11 are admitted insomuch as jurisdiction in this Court is proper. The remainder of Paragraph 11 is denied.

13. With regard to the allegations contained in Paragraph 12, Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

14. The allegations in Paragraph 13 are admitted.

15. With regard to the allegations in Paragraph 14, it is admitted that a collision between the vehicles occurred at the intersection of Beachwood Rd. and Greenpond Hwy. It is further admitted that Defendant Pendell failed to stop for the stop sign, failed to yield the right of way and that his simple negligence was the proximate cause of the accident. The Remainder of Paragraph 14 is denied.

5595022.1

16. These Defendants lack sufficient information to form an opinion as to the truth of the allegations in Paragraph 15 and therefore deny the same and demand strict proof thereof.

17. These Defendants lack sufficient information to form an opinion as to the truth of the allegations in Paragraph 16 and therefore deny the same and demand strict proof thereof.

18. With regard to the allegations contained in Paragraph 17, Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

19. In response to Paragraph 18, it is admitted that drivers on the road owe duties to operate their vehicles with reasonable care. The remainder of Paragraph 18 is denied.

20. In response to Paragraph 19, it is admitted that drivers on the road owe a duty to stop at stop signs pursuant to S.C. Code § 56-5-2330 and a duty to comply with Federal Motor Carrier Safety Regulations. The remainder of Paragraph 19 is denied.

21. With regard to the allegations contained in Paragraph 20, 21, 22, and 23, it is admitted that Defendant Pendell failed to stop for the stop sign, failed to yield the right of way and that his simple negligence was the proximate cause of the accident. The remainder of Paragraph 20 is denied.

22. These Defendants lack sufficient information to form an opinion as to the truth of the allegations in Paragraph 24 and therefore deny the same and demand strict proof thereof.

23. Paragraph 25 is denied.

24. Paragraph 26 is denied.

25. With regard to the allegations of Paragraph 27, Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

26. The allegations in Paragraph 28, 29, 30, and 31 are admitted to the extent that Defendant Pendell failed to stop for the stop sign, failed to yield the right of way and that his

simple negligence was the proximate cause of the accident. The remainder of Paragraph 28 is denied.

27. Paragraph 32 is denied.

28. Paragraph 33 is denied.

29. With regard to the second paragraph numbered as Paragraph 31, Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

30. The second paragraph numbered as Paragraph 32 is admitted.

31. With regard to the second paragraph numbered Paragraph 33, Defendants would admit that Eagle is vicariously liable for the simple negligence of Defendant Pendell. The remainder of Paragraph 33 is denied.

32. Paragraph 34 is denied.

33. With regard to Paragraph 35, Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

34. Paragraph 36 is denied.

35. Paragraph 37 is denied.

36. Paragraph 38 is denied.

37. The Prayer for relief is denied.

## FOR A SECOND DEFENSE
**(Failure to State a Claim)**

38. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

39. The Complaint fails to state facts sufficient to constitute a cause of action, in whole or in part, against Defendant, and, therefore, the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

5595022.1

## FOR A THIRD DEFENSE
### (Comparative Negligence of Plaintiff as Bar)

40. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

41. Defendants would show that Plaintiff's damages were due to and caused and occasioned by the sole or comparative negligence, recklessness, willfulness, and wantonness of Plaintiff Devin Green in one or more of the following particulars:

   a. failing to keep a proper lookout;

   b. failing to observe the conditions of traffic;

   c. failing to keep vehicle under proper control;

   d. in failing to reduce speed upon approaching an intersection;

   e. in such other particulars as may be discovered and/or shown in the Discovery process and/or trial of this case;

all of which are violations of the statutory and common law of the United States of America, and which operate as a complete defense to the claim of Plaintiff

## FOR A FOURTH DEFENSE
### (Comparative Negligence of Plaintiff as Offset)

42. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

43. In the alternative, in the event the negligence of Defendants is greater than 50% cause of the alleged incident and Plaintiff's injuries, which is denied, the Defendants are entitled to a reduction of any amount awarded to the Plaintiff in an amount proportional to Plaintiff's percentage of negligence.

5

## FOR A FIFTH DEFENSE
### (Unconstitutionality of Punitive Damages Under the South Carolina Constitution)

44. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

45. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

   a. Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

   b. Any award of punitive damages violates the guarantee of due process found in Article I, § 3 of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

   c. Any award of punitive damages violates the guarantee of due process found in Article I, § 3 of the Constitution of the State of South Carolina to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

## FOR A SIXTH DEFENSE
### (Unconstitutionality of Punitive Damages under the Federal Constitution)

46. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

47. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

   a. Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as

5595022.1

    applied to the States by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

    b. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

**FOR A SEVENTH DEFENSE**
**(Cap on Punitive Damages)**

48. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

49. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendant's favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, Plaintiff must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

**FOR AN EIGHTH DEFENSE**
**(Unconstitutionality of a Claim for Pain and Suffering Under State Constitution)**

50. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

51. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed by the Constitution of South Carolina for the following reasons:

    a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article 1, § 15 of the Constitution of South Carolina because such awards do not bear a reasonable relationship to the compensatory damages.

    b. Any award of damages for pain and suffering violates the guarantee of due process found in Article 1, § 3 of the Constitution of South Carolina because of the lack of objective guideline, rational factors, and defined limits on which a jury might base its award, and, further, that such guidelines, factors, or limits as do exist are arbitrary and void for vagueness.

**FOR A NINTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering under Federal Constitution)**

52.    Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

53.    Any award of damages for pain and suffering against Defendants will violate the rights guaranteed by the Constitution of the United States for the following reasons:

    a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Eight Amendment to the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States because such awards do not bear a reasonable relationship to the compensatory damages.

    b. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guideline, rational factors, and defined limits on which a jury might base its award, and, further, that such guidelines, factors, or limits as do exist are arbitrary and void for vagueness.

## FOR A TENTH DEFENSE
### (Dismissal or Bifurcation of Punitive Damages Claim)

54. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

55. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after Defendants' liability has been determined. S.C. Code Ann. § 15-32-520.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants request that the Complaint be dismissed with prejudice; that Plaintiff recover no damages from Defendants; that Defendants be entitled all damages available to it under the law, including, if appropriate, attorney's fees and costs; and such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

In accordance with F.R.C.P., Rule 39 or other applicable rule or law, the Defendants hereby requests a trial by jury on all triable issues of fact.

This 18th day of August, 2025.

    Respectfully submitted,

    s/ Robert D. Moseley, Jr.
    Robert D. Moseley, Jr. (#5526)
    Garrett Simpson (#14004)
    Moseley Marcinak Law Group LLP
    4324 Wade Hampton Blvd, Suite B
    Taylors, SC 26148
    Greenville, South Carolina 29616
    (864)248-6025 (864)248-6035 (Fax)
    Rob.Moseley@momarlaw.com
    Garrett.Simpson@momarlaw.com
    *Attorneys for Defendants*

5595022.1