IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Devin Green, | ) | C.A. No.: 2:25-cv-07750-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS CHRISTOPHER** |
| v. | ) | **SHAWN PENDELL AND EAGLE** |
| | ) | **TRANSPORTATION** |
| Christopher Shawn Pendell and Eagle | ) | **CORPORATION'S RESPONSES TO** |
| Transportation Corporation, | ) | **LOCAL RULE 26.03** |
| | ) | **INTERROGATORIES** |
| Defendants. | ) | |
| | ) | |

Defendants Christopher Shawn Pendell and Eagle Transportation Corporation ("Defendants"), by and through undersigned counsel, hereby submit the following responses to the Court's Interrogatories pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court for the District of South Carolina:

(1)    A short statement of the facts of the case.

**RESPONSE:**

**Eagle Transport Corporation (hereinafter, "Eagle") is a North Carolina Corporation with its principal place of business in Rocky Mount, NC, acting as an interstate motor carrier. Eagle's tractor and trailer were travelling on Beachwood Road in Colleton County, South Carolina to transport fuel on or about March 25, 2025. Mr. Pendell was an employee driving the Eagle tractor and trailer, and was operating under their interstate motor carrier authority.**

**Plaintiff Devin Green ("Mr. Green") was driving a 2007 Chevrolet pickup truck on South Carolina Highway 303/Greenpond Highway and approaching the intersection of said highway and Beachwood Road in Colleton County. Mr. Pendell was unfamiliar with the area and did not see the stop sign at the intersection of Greenpond Highway and Beachwood Road. Mr. Pendell proceeded through the intersection, failing to stop at the stop sign. The front of Mr. Green's pickup truck impacted the side of the Eagle tractor trailer. Mr. Green's pickup truck was totaled as a result of the incident.**

5636330.2

**Mr. Green alleges that he was injured as a result of the incident, and is seeking damages for lost wages, medical treatment, and pain and suffering.**

(2)  The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**The Parties anticipate the following fact witness will be called to testify in this matter:**

a.  **Plaintiff Devin Green**

**Mr. Green is a party to the action and is expected to testify as to his knowledge of the facts and circumstances surrounding the subject incident, his alleged injuries, and the extent of his alleged damages.**

b.  **One or more representatives of Eagle Transport Corporation**

**One or more other representatives of the company may testify regarding the allegations of the Complaint.**

c.  **Defendant Christopher S. Pendell**

**Mr. Pendell is a party to the action and is expected to testify as to his knowledge of the facts and circumstances surrounding the subject accident.**

d.  **Sargeant Jacob O'Quinn**
    **c/o Walterboro Police Department**

**Sargeant O'Quinn is the law enforcement officer who investigated the subject incident and also created an accident report regarding the accident. Sargeant O'Quinn is expected to testify regarding his knowledge of the facts and circumstances surrounding the date in question, as well as the scene upon his arrival.**

e.  **Sargeant Ross Hantz**
    **c/o Walterboro Police Department**

**Sargeant Hantz is a law enforcement officer who presented to the scene of the subject incident and, upon information and belief, assisted with the investigation and directed traffic. Sargeant Hantz is expected to testify regarding his knowledge of the facts and circumstances surrounding the date in question, as well as the scene upon his arrival.**

5636330.2

f.  **William Tant**

**Mr. Tant was driving the opposite direction of Mr. Green on Greenpond Highway and struck the Eagle tractor trailer from the opposite side. Mr. Tant is expected to testify regarding his knowledge of the facts and circumstances surrounding the date in question.**

g.  **Plaintiff's treating physicians and medical providers**

**These doctors are expected to testify as to their knowledge of the Plaintiff's injuries as a result of the accident, as well as any resulting treatment.**

h.  **Any witness named by any party.**

**Defendants reserve the right to amend or supplement this response as discovery progresses.**

(3)   The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**The Parties will supplement this response in accordance with the Conference and Scheduling Order. The Parties reserve the right to call any experts identified by the other party.**

(4)   A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**RESPONSE:**

**Plaintiff has alleged negligence, including gross negligence, resulting in actual and punitive damages; vicarious liability; negligent hiring, training supervision, and retention. Defendant has set forth defenses of comparative negligence of Plaintiff,**

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

5636330.2

**unconstitutionality of claim for pain and suffering under State and Federal Constitution, unconstitutionality of punitive damages under State and Federal Constitution while asserting a general denial as to causation on damages.**

**Defendants have stipulated to simple negligence, but deny all further allegations in the Plaintiff's complaint.**

**<u>Negligence and Lack of Proximate Cause:</u> "To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."** *Bloom v. Ravoira*, **339 S.C. 417, 529 S.E.2d 710, 712 (S.C. 2000). "A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing."** *Jackson v. S.C. Dep't of Corrections*, **301 S.C. 125, 126-27, 309 S.E.2d 467, 468 (Ct. App. 1989). "Gross negligence involves a conscious failure to exercise due care."** *Id.*

**Defendant denies Plaintiff can meet his burden of proof on damages proximately resulting from such simple negligence and gross negligence.**

**Defendant has asserted affirmative defenses of,** *inter alia*, **comparative negligence by Plaintiff. "For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence."** *Nelson v. Concrete Supply Co.*, **303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991).**

**Defendant has raised the defense that Plaintiff has failed to mitigate his damages and that the accident was not the proximate cause of his damages. Plaintiff has a legal duty to exercise at least ordinary care in lessening the damages as reasonably practicable.** *Harper v. Western Union Tel. Co.*, **133 S.C. 61, 130 S.E. 119 (1925).**

**As an alternative pleading, Plaintiff's claim for punitive damages must be limited and/or capped according to S.C. Code Ann. § 15-32-530.**

(5)   Proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.);

    (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

    (b) Completion of discovery.

**RESPONSE:**

  (a) **Please see Proposed Amended Scheduling Order.**

5636330.2

    **(b) The parties propose the following deadline for the completion of discovery: May 18, 2026.**

(6)    Any special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE: None to the knowledge of the Defendants at this time.**

Respectfully submitted this 22nd day of September, 2025.

    Respectfully submitted,

    s/Robert D. Moseley, Jr.
    Robert D. Moseley, Jr. (#5526)
    Garrett Simpson (#14004)
    Moseley Marcinak Law Group LLP
    4324 Wade Hampton Blvd, Suite B
    Taylors, SC 26148
    Greenville, South Carolina 29616
    (864)248-6025 (864)248-6035 (Fax)
    Rob.Moseley@momarlaw.com
    Garrett.Simpson@momarlaw.com
    *Attorneys for Defendants*

5636330.2