IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Devin Green,** | ) | C/A No.: **2:25-cv-07750-RMG** |
| | ) | |
| Plaintiff, | ) | **PROPOSED CONSENT AMENDED** |
| | ) | **SCHEDULING ORDER** |
| v. | ) | |
| | ) | |
| **Christopher Shawn Pendell and** | ) | Judge Richard Mark Gergel |
| **Eagle Transportation,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. This order is entered to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants. Discovery may begin upon receipt of this order.

1. Rule 26(f) Conference: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **September 8, 2025**.[1]

2. Rule 26(a)(1) Initial Disclosures: No later than **September 22, 2025**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[2]

3. Rule 26(f) Report: No later than **September 22, 2025**, the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.[3]

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances. At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary. See attached form – RULE 26(f) REPORT. The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge (form available on website).

[2] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

[3] Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report. See also Local Civil Rule 26.02 (rules for answering court interrogatories).

5617354.2

4. <u>Mediation</u>:  As part of the Rule 26(f) Report, the parties are to file the form entitled "Mediation of Cases Pending Before Judge Gergel," which is contained within the attached Special Instructions of Judge Richard Mark Gergel.[4]

5. <u>Amendment of Pleadings</u>: Motions to join other parties and amend the pleadings shall be filed no later than **February 16, 2026**.

6. <u>Expert Witnesses</u>: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:
    Plaintiff:      **March 16, 2026**
    Defendant:   **April 30, 2026**

7. <u>Records Custodian Witnesses</u>:  Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later **April 22, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. <u>Discovery</u>:  Discovery shall be completed no later than **May 18, 2026**.  All discovery requests shall be served in time for the responses thereto to be served by this deadline.  De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

9. <u>Motions in Limine</u>: Motions in limine must be filed no sooner than fifteen (15) days and no later than ten (10) days prior to the date certain set for jury selection and trial.

10. <u>Dispositive Motions and Daubert Motions</u>: All dispositive motions and Daubert motions shall be filed on or before **June 1, 2026**.

11. <u>Pretrial Disclosures</u>: No later than **twenty-one (21) business days prior to jury selection**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

---

[4] The Court will issue a separate Order on mediation.

5617354.2

12. **Pretrial Briefs**:  Parties shall furnish the Court and serve pretrial briefs **five (5) business days prior to the date set for jury selection** (Local Civil Rule 26.05). Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

13. **Trial**:  This case is subject to being called for jury selection and/or trial on or after **October 5, 2026**.

The parties' attention is directed to the Special Instructions for Cases Before Judge Richard Mark Gergel, available on the District Court's website at www.scd.uscourts.gov.

Date: _____  
Charleston, South Carolina

Richard Mark Gergel  
United States District Judge

5617354.2

**MEDIATION OF CASES PENDING BEFORE JUDGE GERGEL**

Instructions: Complete this form and file it with the joint Rule 26(f) Report.

Case Name: **Devin Green v. Christopher Shawn Pendell and Eagle Transportation**

C/A No.: **2:25-cv-07750-RMG**

1. Would early mediation be useful in this case? If the answer is in the affirmative, when would you propose to conduct mediation in this matter?

     The Parties agree, by and through their respective undersigned counsel, that early mediation would be useful in this case and intend to conduct early mediation of this matter shortly after the Plaintiff has completed treatment for his injuries related to the accident underlying this matter. It is anticipated that the Plaintiff will conclude said treatment within 90 days from the filing of this joint Rule 26(f) Report and Proposed Amended Scheduling Order.

2. If early mediation is not thought to be useful, when is the earliest stage in which you believe it might be useful?

3. Please provide the court with any additional information that would assist in setting a timeline for required mediation.

Signatures                                                  Party Represented

_____                    _____

_____                    _____

_____                    _____

5617354.2

## RESPONSES TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

**RESPONSE:**

**Disclosures will be made as indicated in the Amended Conference and Scheduling Order.**

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**RESPONSE:**

**The parties anticipate discovery on, at least, the following subjects: (a) liability and (b) damages. At this time, there is no anticipation of a need to limit discovery or conduct discovery in phases.**

(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:**

**The parties do not currently anticipate electronically stored information will be at issue in this matter. Any electronically stored information will be produced in PDF form. Counsel for the respective parties will consult regarding any formatting issues for electronic productions.**

(4) Any issues relating to claims of privilege or of protection as trial preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.

**RESPONSE:**

5617354.2

**The parties are not aware of any such issues at this time.**

(5)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**The parties are not currently aware of any necessary limitations or changes that will be necessary.**

(6)     Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**The parties anticipate submitting a motion for a protective order.  Otherwise, the parties request no Order by the Court at this time.**

II.     Local Civil Rule 26.03 Responses

The parties have agreed to submit separate 26.03 responses.

This 22nd day of September, 2025.

Respectfully submitted,

| | |
|---|---|
| **MORGAN & MORGAN, P.A.** | **Moseley Marcinak Law Group LLP** |
| /s/ James G. Biggart II | s/Robert D. Moseley, Jr. |
| JAMES G. BIGGART II, ESQ. | Robert D. Moseley, Jr. (#5526) |
| SC Bar No.: 106477 | Garrett Simpson (#14004) |
| COOPER KLAASMEYER, ESQ. | Moseley Marcinak Law Group LLP |
| SC Bar No.: 105795 | 4324 Wade Hampton Blvd, Suite B |
| 4401 Belle Oaks Drive, Suite 300 North | Taylors, SC 26148 |
| Charleston, SC 29405 | Greenville, South Carolina 29616 |
| Telephone: (843) 973-5186 | (864)248-6025 (864)248-6035 (Fax) |
| Fax:          (843) 947-6113 | Rob.Moseley@momarlaw.com |
| jbiggart@forthepeople.com | Garrett.Simpson@momarlaw.com |
| biggartlitigation@forthepeople.com | *Attorneys for Defendants* |
| **Attorneys for the Plaintiff** | |

5617354.2