IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Devin Green,<br><br>*Plaintiff*,<br><br>vs.<br><br>Christopher Shawn Pendell and Eagle Transportation Corporation,<br><br>*Defendants*. | Case No.: 2:25-cv-07750-RMG<br><br>**PLAINTIFF'S LOCAL CIVIL RULE 26.03 DISCLOSURE** |

### I.     Local Civ. Rule 26.03 (D.S.C.) Disclosures

1. **Short statement of the facts of the case:**

   RESPONSE:  This action arises from a tractor-trailer versus car T-bone collision which occurred on March 25, 2025.  Devin Green was the driver of a pickup truck which was driving straight on Green Pond Highway in Walterboro when he was suddenly cut off when a tractor-trailer disregarded a stop sign. The truck was driven by Christopher Shawn Pendell in the course and scope of his statutory employment with Eagle Transportation Corporation. Due to the collision, Plaintiff suffered bodily injury and has undergone medical treatment.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

   RESPONSE:

   Plaintiff Devin Green

   Mr. Green is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision, the nature and extent of his injuries, his subsequent medical treatment, and the other elements of damage he suffered.

   Representatives of Eagle Transportation Corporation

   Representatives of Eagle Transportation are expected to testify regarding the hiring, training, and supervision of Christopher Shawn Pendell. Additionally, the representatives are expected to testify regarding the policies and procedures implemented by Christopher Shawn Pendell.

Defendant Christopher Shawn Pendell

Mr. Pendell is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision.

Sgt. J. M. O'Quinn c/o Walterboro Police Department

Sgt. O'Quinn is the law enforcement officer who investigated the subject incident. Sgt. O'Quinn is expected to testify regarding his investigation of the crash.

William Tant

Mr. Tant was a third-party involved in the collision who is expected to testify to his knowledge of the facts and circumstances of the crash.

Jason Highsmith, MD c/o Carolina Neurosurgery & Orthopedics

Dr. Highsmith is a treating physician providing medical treatment to Plaintiff following the crash. Dr. Highsmith is expected to testify regarding Plaintiff's injuries, his treatment of Plaintiff's injuries, medical causation, and any recommendations for future care.

Donald E. Olofsson, DO c/o Tricounty Radiology

Dr. Olofsson is the treating radiologist who read the magnetic resonance imaging of Plaintiff's cervical spine, lumbar spine, right shoulder, and right hip. Dr. Olofsson is expected to testify consistent with his MRI reports regarding Plaintiff's injuries.

3. **The names and subject matter of expert witnesses:**

   RESPONSE:   Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

5. **Proposed Deadlines:**

   RESPONSE: See the Consent Proposed Amended Scheduling Order submitted by Defendants.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

   RESPONSE: Plaintiff is not aware of any special circumstances at this time.

7. **Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

   RESPONSE: Plaintiff does not consent to a trial before a United States Magistrate Judge at this time.

[*Signature on Following Page*]

**MORGAN & MORGAN, P.A.**

/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal ID:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone:     (843) 973-5186
Fax:              (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

September 22, 2025
North Charleston, SC

Page **4** of **4**