**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Devin Green, <br><br> *Plaintiff,* <br><br> vs. <br><br> Christopher Shawn Pendell and Eagle Transportation Corporation, <br><br> *Defendants*. | Case No.: 2:25-cv-07750-RMG <br><br> **PLAINTIFF'S RULE 26(A)(2) EXPERT WITNESS DISCLOSURES** |

Plaintiff Devin Green hereby submits his expert disclosure as required by Federal Rule of Civil Procedure 26(a)(2) and the Court's Case Management and Scheduling Order. Plaintiff has not retained any expert witnesses pursuant to Rule 26(a)(2)(B) at this time.

Plaintiff reserves the right to call his treatment providers as witnesses. Plaintiff anticipates that his treatment providers will qualify as experts by knowledge, skill, experience, training, or education, and Plaintiff reserves the right to elicit testimony regarding each provider's opinions, if any, regarding the cause, diagnosis, treatment, and prognosis of Plaintiff's injuries. Plaintiff's treating providers who may be called to testify at trial and are known at this time are as follows:

1.      **Donald E. Olofsson, DO**

Dr. Olofsson is a board-certified radiologist who has read the magnetic resonance imaging of Plaintiff's cervical and lumbar spine. Dr. Olofsson is expected to testify regarding his opinions of the imaging consistent with Dr. Olofsson's medical records.

2.      **Jason Highsmith, MD**

Dr. Highsmith is a board-certified neurosurgeon who has provided treatment for Plaintiff's spinal injuries following this crash. Dr. Highsmith is expected to testify regarding his treatment of Plaintiff's spinal injuries, his opinions regarding the causation of Plaintiff's spinal injuries, and his recommendations for future care, consistent with Dr. Highsmith's medical records.

**3.    Robert Gray, MD**

Dr. Gray is an emergency medicine physician who has provided treatment for Plaintiff's injuries immediately following this crash. Dr. Gray is expected to testify regarding his treatment of Plaintiff's injuries and his opinions regarding the causation of Plaintiff's injuries.

Because Plaintiff's medical care is ongoing, Plaintiff reserves the right to supplement his list of treatment providers and to call any treatment provider as a witness at the trial of this case. Plaintiff also reserves the right to supplement this disclosure later should the case develop in such a way to warrant additional expert testimony on Plaintiff's behalf. Plaintiff further reserves the right to elicit expert testimony from individuals named as experts by other parties, as well as other witnesses later identified who may qualify as experts under the Rules of Evidence.

> **MORGAN & MORGAN, P.A.**
> By:    */s/Cooper Klaasmeyer*
> James G. Biggart II, Esq.
> Federal Bar No. 14195
> Cooper Klaasmeyer, Esq.
> Federal Bar No. 14272
> E-Mail: cooper.klaasmeyer@forthepeople.com
> 4401 Belle Oaks Drive, Suite 300,
> North Charleston, SC 29405
> (843) 973-5438
> *Counsel for Plaintiff*

North Charleston, SC
March 16, 2026